| | |
|---|---|
| RAHEEM MURPHY<br>3000 Ford Road<br>Bristol, PA 19007 | :<br>:<br>:    CIVIL ACTION<br>: |
|       Plaintiff,<br>   v. | :    No.:<br>:<br>: |
| WOODS SERVICES, INC., d/b/a WOODS<br>SERVICES<br>40 Martin Gross Drive<br>Langhorne, PA 19047 | :    **JURY TRIAL DEMANDED**<br>:<br>:<br>: |
|       Defendant. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Raheem Murphy (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq.*).[1] Plaintiff asserts herein that he was unlawfully terminated from his employment with Defendant in violation of these laws and seeks damages as set forth more fully herein.

### II. Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

---

[1] The reference herein to a claim under the Pennsylvania Human Relations Act ("PHRA") is for notice purposes only. This state claim will be added at a later date, as Plaintiff was issued right-to-sue correspondence from the EEOC, must timely file federal claims, and has not received a notice of case closure yet from the Pennsylvania Human Relations Commission. Plaintiff's state-law claims under the PHRA will mirror identically the companion federal claims asserted herein.

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. State of Washington,</u> 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as his federal claims herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Woods Services, Inc. ("Defendant") is a non-profit company operating nationally providing a wide variety of human, therapeutic, and other physical and mental health rehabilitation services.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV.  Factual Background

9.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.  Plaintiff is a 30-year-old black (African-American) male.

11.  Plaintiff was hired by Defendant in or about mid-September of 2015; and in total, he was employed with Defendant for approximately 11 months.

12.  Plaintiff physically worked for Defendant at its location at 40 Martin Gross Drive, Langhorne, Pennsylvania.

13.  Plaintiff was initially directly supervised by one Paul Kasa. Towards the end of his employment, he was however supervised by one Barbara Mundy as well. Both of these managers are Caucasian.

14.  During Plaintiff's entire tenure, he was employed a full-time Residential Counselor.

15.  As a Residential Counselor, Plaintiff was responsible for providing care to clients, assisting clients with treatment, and helping to coordinate activities.

16.  Plaintiff was terminated from Defendant in August of 2016. However, prior to Plaintiff's termination from employment, he had not been given progressive discipline and had been an exemplary employee.

17.  In the months leading up to Plaintiff's termination from employment, Plaintiff had in fact expressed numerous concerns of racial discrimination to his management about *inter alia*: (a) a Life Skills Trainer named Alexis (who is Caucasian) making offensive remarks based upon race and being rude to him, which he felt was racially motivated; (b) being denied transfer requests for reasons not enforced against non-black employees who were permitted to transfer;

3

(c) about an environment that seemed negative towards black individuals and employees; and (d) being treated poorly based upon his race by one of his own clients who repeatedly said he didn't want care from a black man.

18. To be clear, the clientele Plaintiff was caring for typically exhibited extraordinary developmental, behavioral and serious communication problems. Had Defendant desired to terminate anyone (or its entire workforce), it could have easily fabricated dissatisfaction from clients as the overwhelming majority of them acted out, screamed, complained, and griped daily.

19. In close temporal proximity to all of Plaintiff's racial concerns being expressed to his management, Plaintiff was informed he was terminated on or about August 1, 2016 by Mundy for "on-going expressed concerns regarding your job performance . . . most concerning the complaints and issues regarding the clients to whom we provide services." This termination followed a suspension which took place commencing on or about July 22, 2016.

20. Prior to Plaintiff's termination from employment, no meaningful resolution or outcome had been shared with him concerning *his* complaints of racial discrimination.

21. Additionally, Plaintiff was informed his suspension (and later termination) had been precipitated by concerns expressed by a client named JT (initials utilized for privacy purposes) arising out of bathroom assistance gripes. However, JT "regularly: (a) screamed about all staff members; (b) complained about all staff members; (c) griped and yelled about the food quality; (d) complained about management including Mr. Kasa; (e) yelled he was going to sue Mr. Kasa; (f) screamed he would sue Woods; (g) consistently swore in general and to staff; (h) regularly lied about care and complained about his care; and (i) consistently [] stated he fucking hates this place." *See* Sworn Scott Certification, attached hereto as "Exhibit A."

4

22. Any prior issues with Plaintiff's alleged care (resulting in no counseling or admonishment of him) was because a client did not want a black man and separately another client refused care because of perceptions Plaintiff was gay (albeit he is heterosexual). These issues were well known to Defendant's management, and on each occasion, it was acknowledged nothing improper was attributed to Plaintiff.

23. Plaintiff's termination from employment shortly after repeated concerns of racial discrimination and requests for transfer was absolutely pretextual and because of his protective activities as aforesaid.

**First Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Retaliation and Racial Discrimination)**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Defendant perpetuates a culture of discriminatory treatment towards black individuals and employees, fails to heed their concerns or requests, discriminatorily enforces policies, and refused Plaintiff a transfer and ultimately terminated on account of his race.

26. Plaintiff was also terminated because of his complaints of racial discrimination to his management.

27. These actions as aforesaid constitute violations of Title VII.

**Second Cause of Action**
**Violations of 42 U.S.C. § 1981**
**(Retaliation and Racial Discrimination)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Defendant perpetuates a culture of discriminatory treatment towards black individuals and employees, fails to heed their concerns or requests, discriminatorily enforces policies, and refused Plaintiff a transfer and ultimately terminated on account of his race.

30. Plaintiff was also terminated because of his complaints of racial discrimination to his management.

31. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE,** Plaintiff prays that this Court enter an order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

F.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 5, 2017

# Exhibit A

# Exhibit A

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RAHEEM MURPHY :

   Claimant, :

  v. :

WOODS SERVICES :

   Respondent. :

## SWORN CERTIFICATION OF AHNNA SCOTT

1. I am an adult individual over the age of 18, and I knowingly make this sworn certification based upon my personal knowledge and experiences and under oath subject to penalties of perjury or false swearing. All statements herein are made to the best of my recollection.

2. I was employed with Woods Services ("Woods") for almost 4 months. I don't have an exact recollection of the dates I worked for Woods, but I was there from approximately early February of 2016 through late May of 2016. I voluntarily quit my employment with Woods.

3. During my period of employment at Woods, I was employed as a Residential Counselor. I did not know Raheem Murphy prior to working at Woods, but in my short tenure I met him and typically worked with him 4-5 shifts per week. Mr. Murphy and I both worked the 3-11 PM shift and worked in close proximity caring for residents in a specific location. I saw him work throughout the days and interacted with him regularly during workdays.

4. Both Mr. Murphy and I are black and African-American. While employed with Woods, my supervisor was Paul Kasa (a manager) and Barbara Mundy (a director). They

supervised our location, and they also supervised Mr. Murphy. These management employees are Caucasian.

5. I personally felt there were incidents of racism towards black employees within our workplace. Only by way of example (although there are others), another employee (Alexis, who is Caucasian) seemed openly discriminatory based upon her gestures and actions. While I was not present during any potential complaints, Mr. Murphy did tell me: (1) he felt there was racism in the workplace on several occasions; (2) he had complained to management about racism and in particular Paul Kasa; and (3) nothing was being done about his complaints.

6. I periodically kept in touch with Mr. Murphy after I separated from Woods, and he advised me that he was terminated during the first week of August 2016 following a July 2016 suspension. More specifically, he advised me that he was terminated for a complaint related to his handling of a resident whose name abbreviation is JT, whom I also cared for when I was employed.

7. I cannot possibly believe Mr. Murphy was terminated even in part for a complaint related to his handling of this resident, as this resident was known throughout the entire location as a chronic complainer and chronic problem client who had times totally fabricated concerns. This particular resident (JT) is known to have brain damage, and he at all times during my employment hung a confederate flag in his room which despite concerns being expressed was never addressed. I found the flag offensive and racist. This particular resident also regularly: (a) screamed about all staff members; (b) complained about all staff members; (c) griped and yelled about the food quality; (d) complained about management including Mr. Kasa; (e) yelled he was going to sue Mr. Kasa; (f) screamed he would sue Woods; (g) consistently swore in general and

to staff; (h) regularly lied about care and complained about his care; and (i) consistently told stated he fucking hates this place.

8. It was also customary for us as JT's staff to allow him to sit in the bathroom and to check on him in 10 or 15 minute intervals, as he was capable of using the restroom himself. He would in fact yell, scream or curse us out if we interrupted him, attempted to assist him, or even tried to rush him.

9. It would be my most earnest opinion that if Mr. Murphy's termination had anything to do with the care of this patient or a complaint by him that his termination was for a completely untrue reason. This is because every staff member and manager could have been terminated for his daily complaints about them. He is just a very unhappy and mean individual (even if related to his mental health problems) who complained consistently throughout the day when I provided care to him.

10. In all of my observations of Mr. Murphy over several months providing care to residents, I found him to be: (a) very compassionate; (b) very thorough and professional; (c) very polite; (d) very caring; (e) helpful; and (f) never once rough, rude or unprofessional with any resident.

11. I am providing this Sworn Certification because I personally feel that Mr. Murphy was treated very unfairly when I was employed and from what I understand thereafter, and I believe Woods needs to retrain its management or instruct them to be more sensitive to what Residential Counselors endure on a daily basis.

Ahnha Scott

Dated: _____8\16\16_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RAHEEM MURPHY      :      CIVIL ACTION

v.      :

WOODS SERVICES, INC. D/B/A WOODS SERVICES    :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 4/6/2017 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3000 Ford Road, Bristol, PA 19007

Address of Defendant: 40 Martin Gross Drive, Langhorne, PA 19047

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/6/2017 _____  ARK2484
Attorney-at-Law  Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/6/2017 _____  ARK2484
Attorney-at-Law  Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MURPHY, RAHEEM

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

WOODS SERVICES, INC., d/b/a WOODS SERVICES

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine    Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -    Product Liability | Leave Act | | Act |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other    ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII (42USC2000), Section 1981 (42USC1981)
Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/6/2017

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| Print | Save As... | Reset |